UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

TIM ROWANS,

    Plaintiff,

v.

MAYO CLINIC,

    Defendant.
_____/

**COMPLAINT**

Plaintiff Tim Rowans sues Defendant Mayo Clinic and states as follows:

1. This is an action for damages in excess of $15,000.

2. Plaintiff Tim Rowans ("Rowans") is a resident of Jacksonville, Duval County, Florida.

3. Defendant Mayo Clinic is a foreign corporation that is authorized to conduct and was at all times material hereto was conducting business in Jacksonville, Duval County, Florida.

4. At all times material hereto, Mayo Clinic was a "covered employer" under the Family Medical Leave Act ("FMLA") in that Mayo Clinic is one engaged in commerce or in an industry affecting commerce who employees 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

5. At all times material hereto, Rowans was entitled to leave under the FMLA.

6. Venue and jurisdiction are proper because the events forming the basis of this Complaint occurred in Jacksonville, Duval County, Florida.

1

## **GENERAL ALLEGATIONS**

7. Rowans began working for Mayo Clinic as a photographer in December of 2015.

8. At all times material hereto, Rowans suffered from "serious health conditions" as defined by the FMLA and was an "eligible employee," within the meaning of the FMLA.

9. During his first year of employment, Rowans received exceptional performance reviews.

10. In late 2016, Rowans began experiencing symptoms commonly associated with depression and began attending therapy sessions through Mayo Clinic's Employee Assistance Program.

11. As his symptoms continued to progress, Rowans sought treatment with his primary care physician at Mayo Clinic, Dr. Sara Filmalter.

12. Dr. Filmalter began prescribing Rowans anti-depressant medication.

13. During this time, Rowans' condition was made known to his supervisors at Mayo Clinic.

14. Rowans continued to treat with various providers at Mayo Clinic.

15. In January of 2018, Dr. Filmalter referred Rowans to psychiatrist Shehzad Niazi, for evaluation of his worsening depression symptoms.

16. Dr. Niazi adjusted Rowans' medications and recommended a treatment plan of follow up psychiatric evaluations.

17. On February 13, 2018, Rowans was admitted to River Point Behavioral Health due to suicidal thoughts.

18. Rowans' wife, Lauren, notified his supervisors about his condition and the resulting in-patient admission.

19. Rowans remained at River Point Behavioral Health for six days.

20. Following his discharge, Rowans applied for and was approved for six weeks of continuous leave under the Family Medical Leave Act ("FMLA"), with intermittent leave backdated to the date he first saw Dr. Filmalter in November of 2017 for treatment of depression.

21. In March of 2018, Rowans was admitted to Wekiva Springs' Intensive Outpatient Program for one week for evaluation.

22. At the conclusion of his week in the outpatient program, Rowans was admitted as an inpatient at Wekiva Springs for four days.

23. Rowans' condition continued to rapidly decline although his treating physicians at Mayo Clinic continued to state that Rowans' symptoms and conditions were caused by depression or the medications he had been prescribed for depression.

24. Rowans' FMLA leave was extended for an additional six weeks, through the first week of May 2018.

25. On March 23, 2018, while on FMLA leave, Rowans was called to a meeting with his supervisor Dan Hubert and a representative from Human Resources.

26. At this meeting, Rowans was given an ultimatum to either resign or be terminated from his employment with Mayo Clinic.

27. Rowans' requests to have his wife, Lauren, who was also an employee of Mayo Clinic, attend this meeting were denied.

28. Lauren Rowans had previously requested permission to attend another meeting between Rowans and his supervisors earlier in the same week and communicated that the need for her to attend this meeting arose from his inability to think clearly and make rational decisions.

29. Notwithstanding prior notice by Mayo Clinic that Rowans was not competent to make significant decisions, including those related to his continued employment with Mayo Clinic on his own, Mayo Clinic denied Rowans the opportunity to have a third-party present during the meeting in which he was forced to choose between resignation or termination.

30. With no opportunity to consult with his wife or anyone else or to take any period of time to consider the gravity and effect of his decision, Rowans was coerced and pressured into resigning immediately.

31. Following his separation of employment from Mayo Clinic, Rowans continued to receive treatment from Mayo Clinic.

32. At the request of the Rowans, Mr. Rowans ultimately underwent a MRI of the brain which revealed frontal temporal lobe atrophy.

33. Based on the results of the MRI and the symptoms Rowans had been exhibiting for months, if not years, Rowans was diagnosed with behavioral variant frontotemporal dementia ("bvFTD"), a serious health condition.

## COUNT I
### (FMLA Interference)
### (29 U.S.C. § 2615(a)(1))

34. Rowans adopts and realleges the allegations of Paragraphs 1 through 33 as if fully set forth herein.

35. Rowans was eligible and in fact had previously received so as to be entitled to FMLA leave for six weeks in the 2018 calendar year for his serious health conditions.

36. Defendant Mayo Clinic extended Rowans' FMLA leave through the first week of May of 2018.

37. Defendant Mayo Clinic, its agents and employees, violated Rowans' rights under the FMLA and specifically 29 U.S.C. § 2615(a)(1), by coercing, intimidating, threatening and interfering with Rowans' exercise of his FMLA rights by constructively terminating Rowans and/or requiring him to resign from his position while in the midst of taking approved medical leave.

38. In doing so, Defendant Mayo Clinic acted willfully, intentionally and with reckless disregard to Rowans' right to exercise his rights under the FMLA.

39. As a direct and proximate result of said intentional discriminatory acts and practices of Defendant Mayo Clinic, its agents and employees, Rowans suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, including health care and retirement benefits, as well as severe distress, humiliation, great expense, embarrassment, damage to his reputation, pain and suffering, mental anguish and the loss of enjoyment of life, costs associated with obtaining reemployment, and other past and future pecuniary losses.

WHEREFORE, Plaintiff Tim Rowans prays for judgment against Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii).

b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate pursuant to 29 U.S.C. § 2617(a)(1)(B).

d. Attorneys' fees, expert witness fees, and cost of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## COUNT II
### (FMLA Retaliation)
### (29 U.S.C. § 2615(a)(2))

40. Rowans adopts and realleges the allegations of Paragraphs 1 through 33 as if fully set forth herein.

41. Rowans was eligible and in fact had previously received so as to be entitled to FMLA leave for six weeks in the 2018 calendar year for his serious health conditions.

42. Defendant Mayo Clinic extended Rowans' FMLA leave through the first week of May of 2018.

43. Rowans exercised his FMLA rights during his employment with Defendant Mayo Clinic in connection with his serious health conditions.

44. Defendant Mayo Clinic, its agents and employees, violated Rowans' rights under the FMLA and specifically 29 U.S.C. § 2615(a)(2), by coercing, intimidating, threatening and interfering with Rowans' exercise of his FMLA rights by constructively terminating Rowans and/or requiring him to resign from his position while in the midst of taking approved medical leave.

45. In doing so, Defendant Mayo Clinic acted willfully, intentionally and with reckless disregard to Rowans' right to be free from retaliation for exercising his rights under the FMLA.

46. As a direct and proximate result of said intentional discriminatory acts and practices of Defendant Mayo Clinic, its agents and employees, Rowans suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, including health care and retirement benefits, as well as severe distress, humiliation, great expense, embarrassment, damage to his reputation, pain and suffering, mental anguish and the loss of enjoyment of life, costs associated with obtaining reemployment, and other past and future pecuniary losses.

WHEREFORE, Plaintiff Tim Rowans prays for judgment against Defendant as follows:

e. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii).

f. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

g. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate pursuant to 29 U.S.C. § 2617(a)(1)(B).

h. Attorneys' fees, expert witness fees, and cost of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**DOUGLAS & CARTER**

/s/ Patrick V. Douglas
Patrick V. Douglas, Esq.
Florida Bar No. 68639
Meagan L. Logan, Esq.
Florida Bar No. 18062

177 NW Madison Street
Lake City, FL 32055
Tel:   386-752-5511
Fax:   954-200-6886
E-mail: Patrick@DouglasandCarter.com
Meagan@DouglasandCarter.com
Info@DouglasandCarter.com